IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cannie Shaw d/b/a Tex's Trucking, Inc. et al., | ) ) | |
| Plaintiffs, | ) ) | No. 08 C 0054 |
| | ) | Judge Joan B. Gottschall |
| v. | ) ) | |
| | ) | Magistrate Judge Sidney I. Schenkier |
| City of Chicago et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO REMAND**

Defendant City of Chicago (the "City") and individual Defendants Tom Kness, Paul Volpe, and Mayor Richard M. Daley, all named in their official capacities (collectively, the "Defendants"), by their attorney, Mara S. Georges, Corporation Counsel, and pursuant to 28 U.S.C. § 1447(c), respectfully move this Court to remand this case back to the Circuit Court of Cook County. In short, Plaintiffs have improperly sought to remove their own state court case. In support of this motion, Defendants state as follows:

1. Plaintiffs, represented pro se by Jaime Hernandez, filed a single state court Complaint with the Circuit Court of Cook County, Chancery Division on September 19, 2007 (the "Complaint"). See Complaint in <u>Hernandez et al. v. City of Chicago et al.</u>, No. 07 CH 26147, Circuit Court of Cook County, Chancery Division, attached hereto as Ex. A.

2. Defendants City of Chicago and Mayor Richard M. Daley were served with their Summons and Complaint on September 26, 2007. Defendants Paul Volpe and Tom Kness were served with their Summons and Complaint on October 4, 2007. <u>See</u> Defendants' Summons, attached hereto as Ex. B (indicating when Defendants were served through service on the City Clerk's Office).

3. On January 3, 2008, Plaintiff Cannie Shaw d/b/a Tex's Trucking, Inc., proceeding pro se, filed a "Removal Motion" in the present federal matter (the "Removal Motion").[1] See Removal Motion, attached here to as Ex. C. In theory, Plaintiff Shaw's Removal Motion sought to remove the state court case to the United States District Court.

4. Plaintiff Shaw's Removal Motion is improper for a number of reasons, including, but not limited to, (a) its claim that the District Court has "concurrent and reciprocal" jurisdiction with the state court and (b) its request for the District Court as "the higher Court" to "ratify and affirm" the state court's ("the lower Court") order. See Removal Motion at 1, Ex. C. However, this Court need not reach these issues, since this case should be remanded prior to addressing any other deficiencies in Plaintiff Shaw's filing.

5. Plaintiff Shaw's "Removal Motion" is improper because only a defendant, not a plaintiff, can remove a case. See 28 U.S.C. § 1441(a) (stating that cases may only be removed "by the defendant or defendants"). A plaintiff chooses the forum he or she files in and, since the plaintiff made that original choice, he or she does not have the power to remove to another.

6. Even if Plaintiff Shaw could, as a plaintiff, remove his case, his "Removal Motion" is untimely, as it was filed more than 30 days after the Defendants were served with the Complaint. See 28 U.S.C. § 1446(b) (requiring any "notice of removal of a civil action or proceeding" to "be filed within thirty days after the receipt by the defendant, through service or

---

[1] Plaintiff Shaw's Removal Motion included a number of additional documents, including, but not limited to, the state court Complaint (see also Ex. A), Defendants' Motion to Dismiss in the state court action, and Plaintiffs' response to Defendants' Motion to Dismiss. It is also worth noting that Plaintiff Shaw stated at a January 31, 2008 oral argument in the state court proceeding that he was not even aware that anything was filed in the District Court by him or on his behalf.

otherwise, of a copy of the initial pleading . . .") All Defendants were served with the Complaint by October 4, 2007. However, Plaintiff Shaw did not file his "Removal Motion" until nearly three months later, on January 3, 2008. Thus, his "Removal Motion" was filed more than 60 days after removal was permitted.

7. Finally, as pleaded, the state court Complaint Plaintiff Shaw has attempted to remove to federal court states no claims over which the United States District (or the Circuit Court of Cook County, for that matter) has original jurisdiction, as required for removal. See 28 U.S. § 1441(a) (requiring District Court to have original jurisdiction, in order for defendant to remove).

8. As a matter of background, only one Complaint was filed in the Circuit Court of Cook County on behalf of a group of Plaintiffs. Instead of filing one notice of removal for their single state court Complaint, Plaintiffs have filed five separate "Removal Motions" with the federal court–each, purportedly filed, pro se, by a separate plaintiff. Two of those federal cases have already been dismissed. See January 29, 2008 Docket Entry and Judgment in Hernandez et al. v. City of Chicago et al., No. 08 C 0052, attached hereto as Ex. D; see also January 10, 2008 Docket Entry in Lacy et al. v. City of Chicago et al., No. 08 C 0056, attached hereto as Ex. E. Defendants now move to remand this case, and through separate filings, the two other remaining cases.

9. As for the state court Complaint that Plaintiff Shaw is seeking to remove, that Complaint has been dismissed without prejudice, due (a) to improper pro se representation of the Plaintiff companies and (b) to a legally and factually deficient Complaint. See January 31, 2008 Order, Hernandez et al. v. City of Chicago et al., No. 07 CH 26147, Circuit Court of Cook

County, Chancery Division, attached as Ex. F.  If they choose to do so, Plaintiffs have 30 days from the Circuit Court of Cook County's January 31, 2008 Order to retain an attorney and file an amended complaint.

      10.    In the end, Plaintiff Shaw cannot remove this case, because (i) he is a plaintiff, (ii) it is untimely, and (iii) it does not contain a claim over which the District Court had original jurisdiction.  Therefore, based on any one of these three reasons, this case should be remanded and the federal matter terminated.

      WHEREFORE, for the reasons stated herein, Defendants the City of Chicago, Tom Kness, Paul Volpe, and Mayor Richard M. Daley respectfully request that this Court remand this case to the Circuit Court of cook County and grant Defendants such other relief as the Court deems just and proper.

DATED: February 1, 2008

                              Respectfully submitted,

                              Mara S. Georges, Corporation Counsel, for
the CITY OF CHICAGO, TOM KNESS, PAUL VOLPE, and MAYOR RICHARD M. DALEY

                              BY:    s/ John F. Schomberg
                                          One of Their Attorneys

MICHAEL A. FORTI
JOHN F. SCHOMBERG
Constitutional and Commercial Litigation Division
City of Chicago Department of Law
30 North La Salle Street, Suite 1230
Chicago, IL  60602
(312) 744-9018/(312) 742-5147

## **CERTIFICATE OF SERVICE**

     I, John F. Schomberg, an attorney, hereby certify that on this day, the 1st day of February 2008, I caused a copy of the foregoing **Notice of Motion** and **Defendants' Motion to Remand** to be served by next business day delivery on:

> Cannie Shaw
> 1400 S. Western Ave
> Chicago, IL 60608-1802

                                      s/ John F. Schomberg