IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHICAGO, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CANNIE SHAW, d/b/a TEX'S TRUCKING, et al.,
Plaintiff (s),

v.

CITY OF CHICAGO, TOM KNESS, et al.
Respondent (s).

07 CH 26147

Judge Leroy K. Martin

## ANSWER TO DEFENDANT'S MOTION TO DISMISS WITH SUPPORTING AFFIDAVITS INCORPORATED

    COMES NOW, Pro Se Plaintiff, CANNIE SHAW, as a person in his own right, and d/b/a TEX'S TRUCKING, an Illinois corporation, of which Shaw is an officer, and lawfully entitled to represent or defend in any legal action, absent being a licensed attorney, and that said corporation is registered with the United States Department of Transportation as a trucking company, subject to and entitled to benefits of terms and conditions contained in the "Federal Transportation Tariff of 1995," subject to contractual modification, and all good faith case law precedent requiring fair payment of transportation work performed by teamsters, draymen and bargemen, and, as herein stated, and plead in the original complaint, a signator of a trucking contract with the City Of Chicago, as vendor # 1062248 registered and approved by the City of Chicago, as an MBE in contract (P.O) number 6801, entitled to certain work and rate percentage guarantees, by law and regulation afforded due process, pursuant to the **"Uniform Commercial Drivers License Act of 1986,"** granted direct access to The United States Court Of Appeals For The Seventh Circuit, Chicago, Illinois for all matters regarding his trucking company issues, without requiring a licensed attorney to argue for, or represent him.

    Plaintiff Shaw, proceeds, invokes and incorporates into this answer, and into the original complaint, pursuant to all concurrent and reciprocal jurisdiction statutes of The Illinois Revised Statutes in construction with and combined with similar concurrent reciprocity of jurisdiction statutes pursuant to the United States Code, (Title 28 sec. 100, et seq.,) making The United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, the court of original jurisdiction, and this court, the Circuit Court of Illinois, Chicago, Illinois, the court of initial jurisdiction, requiring this court to rule on this matter in accord with all Illinois law and statute and all applicable federal law and regulations pertinent to the herein referenced contract and MBE certification of the contractual parties with removal of this matter to federal court by removal motion of the plaintiff, Shaw for ratification of this court's final order, and that notwithstanding any law granting jurisdiction to the United States Court of Appeals, Seventh Circuit, Chicago, Illinois, appeal jurisdiction always goes to the higher courts, Court of Appeal pursuant to concurrent jurisdiction statutes, which in this case and matter before this court, is the United States Court of Appeals, for the Seventh Circuit, Chicago, Illinois, is the court with appellate jurisdiction.

    A. Attached is plaintiff's **"REMOVAL MOTION"** as Attachment A.
    Filed concurrently to be effective subsequent to this Court's entry of final order.

1. Plaintiff, Shaw d/b/a Tex's Trucking as a City of Chicago certified MBE, was paid $50.17 per hour per truck for four (4) trucks for six (6) years, pursuant to the herein referenced contract number and vendor identification number, or as may be amended, argued, or negotiated.
    A. Pursuant to the referenced contract with MBE certification guarantees Plaintiff, Shaw was to be paid 90% of the rate of the highest paid contractor in the City of Chicago Hired Truck Program, Marina Cartage, $250 per hour, as published in the local news media.

B. Contrary to the facts alleged, stated and argued in respondent's **"MOTION TO DISMISS"**, (Par. 18.B, et seq.,) all MBE certified vendors have a work guarantee, as specified in the contract, municipal code, Illinois Statue and Regulation and Federal law and regulations.

C. In a bad faith, willful and knowledgeable breach and noncompliance with the referenced contract and MBE certification, noncompliance with law, regulation and rules, the Respondents shorted or withheld payment of trucking work performed by Tex's Trucking, by $175 per hour.

i. 4 trucks X $175/hr. X 45 hrs/wk. X 52/wks/yr X 6/yrs = $9,828,000.00

ii. Plaintiff, Shaw herewith claims, as ACTUAL DAMAGES in bad faith non-payment of transportation contract between the parties being **$9,828,000.00 ACTUAL DAMAGES.**

D. Pursuant to federal statute, law, regulations, and case law precedent (ref. "Corpus Juris Secondum") a showing of bad faith by a transportation entity against a contracted consignee, shipper, or payor for services rendered requires a bad faith doubling of actual damages, **$19,656,000.00 ACTUAL DAMAGES.**

ALTERNATIVELY

Illinois Statute allows for a bad faith trebling of actual damages, **$29,484,000.00 ACTUAL DAMAGES.**

ALTERNATIVELY

This Court, at its discretion, as a matter of law, may treble the doubled amount of actual damages for **$58,968,000.00 ACTUAL DAMAGES.**

2. Pursuant to Illinois **"Denial of Economic Opportunity Act"**, it is lawful for this Court to assess actual damages plus $500 per period against Respondent, the City of Chicago, this $500 is for each period that the City of Chicago shorted or withheld contracted payment to Plaintiff Shaw.

A. There is no case law precedent for this Court to rely on as a judicial interpretation of this statute, wherefore Plaintiff, Tex's Trucking, now moves this Court to establish case law precedent for the lawful determination of the $500 statutory/compensatory damages be applied at $500/hr/truck. **$28,080,000.00 STATUTORY/COMPENSATORY DAMAGES**

ALTERNATIVELY

Apply the $500 statutory/compensatory damages at $500/wk/truck. **$624,000.00 STATUTORY/COMPENSATORY DAMAGES**

ALTERNATIVELY

As this Court may determine is in the interest and furtherance of law and equity and in accordance with Illinois legislative intent, instructions and action as pertinent and applicable by this statute.

B. The City of Chicago had a contracted duty and obligation to pay Plaintiff, Shaw at the contracted MBE rate, failed to do so and Plaintiff, subsequent to the bad faith rescission of contract and failure to pay monies, resulted in the denial of Shaw expanding his business and/or the denial of the economic opportunity of enjoying the profits and fruits of his and his company's labor and profits as may have been invested.

3. Cannie Shaw d/b/a Tex's Trucking is a direct contractor/vendor with The City of Chicago, paying all MBE vendors with monies from a variety of sources including, direct funding, block grants from combined state and federal sources and direct federal funding sources, all monies have certain percentages earmarked for MBE payment, including the Plaintiff.

A. The Respondents do not pay the MBE, this Plaintiff, the full amount of percentage monies contracted and earmarked for MBE payment, as required by law and regulation, but either keeps the money themselves, and/or, unlawfully diverts this MBE's portion to a third party, or parties unknown, and then made false claims to accounting authorities that all monies earmarked for MBEs, have been paid to MBEs, in order to receive continued MBE funding.

2

B. Plaintiff, Shaw, herewith invokes, claims and proceeds with this action combined with the **"WHISTLEBLOWERS PROTECTION ACT"** granting a percentage of recovered and/or recoverable government funds to the whistleblower, this Plaintiff, in construction with the

**"INSPECTOR GENERAL'S ACT OF 1978,"** which provides a court authority to freeze or halt a governmental body or any governmental agents funding and actions in order to protect any single American citizen's rights, liberty or property, combined with provisions of **"THE RICO ACT"** and **"THE ILLINOIS ANTI-RACKETEERING ACT"**, that empowers this Court to issue orders to freeze, examine, seize, claim and/or assign to a private citizen, Plaintiff or Petitioner, (This Plaintiff) within the context of a civil action, this matter now before this court.

C. As a matter now, before this Court, Plaintiff, Shaw, moves this Court to calculate the amount of recovered and/or recoverable governmental funds payable to Plaintiff as a **WHISTLEBLOWER"** benefit, from all sources, at twenty-one percent (21%), and/or in the amount and percentages, as this Court may determine is lawful and equitable.

D. Plaintiff claims, states, alleges, and asserts Respondent(s) Paul Volpe and Tom Kness, as part of an ongoing criminal enterprise prohibited by **"THE RICO ACT"** and the **"THE ILLINOIS ANTI-RACKETEERING ACT"** in construction with other laws and regulations herein invoked, and in the original complaint, have unlawfully used, diverted and commingled funds due to Plaintiff, Shaw, as a result of Plaintiff's good faith compliance with a cartage contract and as a certified MBE, the rate and that, Respondents abused the governmental positional authority they held in the City of Chicago municipal government, to withhold payment due Shaw for good faith trucking work performed in the unlawful enrichment of the City of Chicago, themselves, as persons in their own right, and/or third party, or parties, unknown.

4. Respondents, and possible third parties, abusing the governmental and positional authority over MBE funds, denied full contracted payment to Shaw due to his race and/or ethnic origin, which that is the exact unlawful discriminatory practices the MBE program was created to remedy, and a willful malicious malfeasant/misfeasant violation of plaintiffs civil rights, by a government official, and contrary to Illinois law, and expressly prohibited by the **"The Civil Rights Act of 1964."**

A. Illinois Law limits compensatory damage claims for the malfeasant/misfeasant violation of a citizens civil rights to $15,000.00 per count by a governmental agent.

   i. Plaintiff moves this Court to enter judgment against Respondents for a government official malfeasantly/misfeasantly violating Plaintiffs civil rights in the amount of **$15,000.00 statutory/compensatory damages.**

   ii. While Illinois law provides for $50,000.00 civil rights violation per count, in construction with the preceding and following subsections of this Plaintiffs instant answer, plaintiff moves this Court to enter an Illinois statutory judgment against defendants and in favor of plaintiff for the amount of **$50,000.00 compensatory/statutory damages.**

   iii. On November 26, 2007, all Defendants filed a **Motion to Dismiss**, that this Court, and all Courts properly established in the judicial branch of government, under the authority of **"The Constitution of the United States of America"**, by law, views as being equivalent to a motion for summary judgment, and that, as a matter of law and fact, these Defendants have concurrently filed, within the context of a motion for summary judgment, regardless of the number of counts of civil rights alleged, pursuant to USC Title 42 Sec 2000; et. seq., a single $75,000.00 is specified, where Plaintiff moves this court, in accordance with Federal law, as this matter is filed pursuant to concurrent reciprocity jurisdiction to enter a judgment against Defendants in the amount of **$75,000.00 compensatory/statutory damages.**

5. Paul Volpe, as director of the Office of Budget and Management for the City of Chicago, and as a person in his own right, and Tom Kness as Director of the Hired Truck Program for the City of

3

Chicago, and as a person in his own right; abused their positions within the incorporated governmental unit known as "The City of Chicago"; did unlawfully, with bad faith knowledge and intent, secrete, obtain and/or divert to a third party or parties unknown, with the full bad faith knowledge, intent and knowledge with full cooperation of the third party and that parties accountants and lawyers, of the governmental monies due Plaintiff for good faith trucking/cartage work performed, and Volpe with Kness, commingled these governmental monies with city, personal and/or third party funds, and that, in additional bad faith breach of contract terms assigned Plaintiffs MBE guaranteed work percentage of work to other vendors, and/or denied payment and work as contracted between the parties.

    i. Volpe and Kness have acted interchangeably with each other in meetings, billing discussion and dispute, and MBE certification requirements with this Plaintiff, and both have co-operated together to abuse the positions they have within the City of Chicago and the contract between the parties.

    ii. Paul Volpe, as a person in his own right, and as agent of the City of Chicago, is equally, jointly with all severability, liable for all claims alleged herein, and any judgment Plaintiff may obtain herefrom.

    iii. Tom Kness, as a person in his own right, and as agent of the City of Chicago, is equally, jointly with all severability, liable for all claims alleged herein, and any judgment Plaintiff may obtain herefrom.

    A. Pursuant to Illinois law, fair business practices, escrow and trust law, a person that abuses his/her position to deny money or opportunity to earn monies, as Volpe and Kness have their positions, is liable for a $5,000.00 judgment, per act or period, to a maximum of $50,000.00.

    i. Plaintiff moves this Court to enter judgment against Paul Volpe in the amount of **$50,000.00 compensatory/statutory damages**.
        ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    ii. Plaintiff moves this Court to enter judgment against Tom Kness in the amount **$50,000.00 compensatory/statutory damages**.
        ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    iii. Plaintiff moves this Court to enter a "John Doe" judgment against third party participants, per party with Kness and Volpe in the amount of **$50,000.00 compensatory/statutory damages**
        ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    iv. Plaintiff moves this Court to enter a judgment against all accountants and attorneys for the "John Doe" third party and specialty insurance carriers in the amount of **$50,000.00 compensatory/statutory damages.**
        ALTERNATIVELY
$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages per each accountant, attorney and for each third party**

    B. If Kness, Volpe, unknown third parties, and accountants and attorneys thereof claim they were merely following orders of clients or superiors, Plaintiff, Shaw herewith invokes and claims such statement is a violation of "**The Anti Nuremberg Trials Defense Act**", which would entitle Plaintiff to an additional $75,000.00, but reference (par. 4, sub. A, item iii, Pg. 3) herein.

    i. Any such claims by any defendants known or unknown, as a matter of law is an admission of guilt.

    ii. Any such statement by any defendant violating this act is an admitted accusation on that individual's superior.

6. Plaintiff acknowledges the statutory privilege and authority of Mayor Richard M. Daley, as afforded all duly elected office holders of executive branch of any level of government within the State of Illinois to argue, arbitrate, settle, in any action, in any court, in his own person with counsel present

and participating in procedures and that as the duly elected Mayor of the City of Chicago may deny or admit personal knowledge and/or participation in the malfeasant/misfeasant actions of his subordinates, as all members of the executive branch of government are so authorized, therefore Plaintiff herewith submits, combines and includes within this answer;

**DECLATORY AFFIDAVIT OF RICHARD M. DALEY**

A. If Mayor Richard M. Daley denies any personal knowledge of his subordinates unlawful actions, Plaintiff has no legal means or process just as no prosecutor or legal entity, has no legal means or mechanism of legal process to proceed against him.

B. If Mayor Daley admits, or fails to deny, personal knowledge and/or personal participation of, or with the unlawful actions of his subordinates, as herein claimed, he is personally, jointly, with all severability, equally liable for all claims made by Plaintiff and/or any judgments entered on behalf of this Plaintiff.

7. Defendants, through and with their attorneys, filed a Motion to Dismiss pursuant to Ch. 735 ILCS 5/2-619.1, using arguments they claim are authorized by Sec. 2-615 and 2-619, pursuant to 619.1, that as a matter of law, rule of law, rules of this Court, this Court must view as equivalent to a motion for summary judgment.
    A. The Federal Rules of Civil Procedures are similarly equivalent.

8. Within the context of a motion to dismiss, equivalent to a motion for summary judgment, the party filing said motion to dismiss is prohibited from arguing issues of fact and/or matters of law for being cause for the ruling Court to dismiss the matter the filing party is seeking to dismiss.
    A. As is in compliance with the Federal Rules of Civil Procedures.

9. If the party filing the motion to dismiss, within said motion, argues issues and matters of facts or matters of law more properly adjudged by the Court or facts at issue, or of the substantive issues before the court, or facts more properly decided by a jury, that party filing the motion to dismiss has constructively entered a plea of "NO CONTEST", pursuant to the very sections these Respondents argued and filed their motion, (ILCS 2-615; 2-619), that as a matter of law the ruling Court, this Court, must accept Respondent's constructive plea of " No Contest".
    A. Federal Law, rules and case law precedent support and agree with this Judicial Instruction.

10. Whether by design or attorney error, these Respondents argue facts at issue, including but not limited to, work guarantee, the existence of a contract, proper rate of pay for trucking work and/or whether or not the alleged contract was breeched or not.
    A. Shaw argues all MBE's have a guaranteed work percentage of total work, versus Respondent's claim of no guarantee, (par. 21, pg. 7) of the motion to dismiss.
    B. The City of Chicago argues no contract in their motion v. Plaintiff states footnote #4, page 7 uses the contract tort language reference (....Program Rules, to which Plaintiffs agreed to adhere.) and Williams states such language use is a clear admission of contract existence, and the public record and law and regulatory rules of all MBE program funding requirements is a multi-part contract between all levels of government, including the Federal Government, and this MBE certified Plaintiff.

11. The use of footnote #4 on page 7, of Respondents' Motion to Dismiss is prohibited by law and case law precedent within the context of a motion to dismiss, and that Plaintiff Shaw states the use in this motion, by these Respondents and Respondent(s) Attorneys, is face value evidence of a clear and express admission, and confession, by Respondents, that this Plaintiff's claims are with merit and true, and these Respondents have wronged this Plaintiff, and face value admission and confession to having filed their Motion To Dismiss, in a bad faith and contemptuous disregard of Plaintiff's rights, this

Court, this Court's Rules and law, and that, such flagrant abuse and disregard of this Court and the Illinois Representative's Professional Code of Conduct may subject Respondents' attorney's to sanctions at this Court's discretion.

12. Respondents' Motion to Dismiss contains issues of law that should only be decided by the trial court including, but not limited to, a Pro Se' litigant, may defend his right to work, and/or, enforce contracts regarding his license and trucking business and enforce payment and other guarantees subject to the terms of a trucking contract, and that, no officer of a transportation corporation may defend said corporation in any litigation, (should the court consider a captain of a ship and maritime law?) and in this matter, an officer of this trucking company, Tex's Trucking, may represent the company, Pro Se', and if not, Plaintiff maintains he may, the court, as a matter of law, must decide that issue, or allow a jury to decide, and that, having raised this issue in their dismissal motion, these Respondents' have mistakenly caused the denial of their motion to dismiss and, as a matter of law, and irrevocably on the record, constructively entered a plea of "No Contest."

    A. As a more extended and subtle matter of law this Plaintiff asks this Court to consider is the inclusion of this issue in their dismissal motion is an unlawful pleading, that denies the supremacy clause of all Federal Law; and the insistent entry of "ignorance of the law defense; Respondents deny the supremacy of "The Uniform Commercial Driver's License Act of 1986", and/or are ignorant of the CDL Act's provisions; Both views, as a rule of law, require this Court to accept a "No Contest" plea from these Respondents, and enter a judgment in favor of this Plaintiff, for all relief sought.

    B. Plaintiff herewith incorporates into this answer, **"MOTION TO CONSOLIDATE CASES".**

13. Pursuant to both Federal and Illinois laws and rules, any party entering a plea of "No Contest" also waives that party's right to an appeal.

WHEREFORE, PLAINTIFF MOVES THIS COURT TO GRANT THE FOLLOWING RELIEF;

14. Deny Respondents' motion to dismiss and adjudge and decree Respondents, within the context of a motion for summary judgment, have entered a plea of No Contest, waiving all appeal rights, and grant all relief Shaw is seeking.

15. Enter a judgment in favor of Shaw, and against all Respondents, in the amount of;
    **$9,828,000.00 ACTUAL DAMAGES.**

16. Pursuant to Federal Law, or as required by modification of the 1995 Tariff, for bad faith violation of a trucking contract and non-payment of good faith cartage work performed, Plaintiff moves this Court apply the bad faith doubler to actual damages for; **$19,656,000.00 ACTUAL DAMAGES.**

17. Apply the Illinois Bad Faith trebler to actual damages; **$29,484,000.00 ACTUAL DAMAGES**, in the alternative, apply both to actual damages; **$58,968,000.00 ACTUAL DAMAGES.**

18. Enter a judgment in all severability, jointly, personally and with equal liability against all Respondents, and in favor of Shaw for compensatory/statutory damages for the amount not less than; **$914,000.00 COMPENSATORY/STATUTORY DAMAGES**; but not more than the amount of **$29,750,000.00 COMPENSATORY/STATUTORY DAMAGES.**

19. Adjudge and decree that Defendants have abused governmental positions, unlawfully obtained governmental funds, unlawfully disbursed and commingled said funds with city, personal and third party assets in violation of **"THE ANTI-GOVERNMENTAL WASTE, FRAUD, ABUSE AND WHISTLEBLOWER'S PROTECTION ACT"** and that, this Plaintiff is entitled to **(21%), Twenty-one Percent**, of all MBE recovered, or recoverable governmental funds subject to this court's assessment of damages and percentage due.

20. Adjudge and decree that Defendant Paul Volpe in all severability is jointly and equally as a person in his own right, and in his position with the City of Chicago liable in this civil matter, and expressly with no criminal liability herein, for his knowledgeable and intentional abuse of his governmental position, violations of the Rico Act and the Illinois Anti-Racketeering Act and commingling and fraudulently diverting government monies and the judgment amount is herein plead, and is combined with #18 and #19 of this answer as part of relief sought.

21. Adjudge and decree that Defendant Tom Kness in all severability is jointly and equally as a person in his own right, and in his position with the City of Chicago liable in this civil matter, and expressly with no criminal liability herein, for his knowledgeable and intentional abuse of his governmental position, violations of the Rico Act and the Illinois Anti-Racketeering Act and commingling and fraudulently diverting government monies and the judgment amount is herein plead, and are combined with #18 and #19 of this answer as part of relief sought.

22. Adjudge and decree, in the form of a "John Doe order and warrant", against all third party and/or parties unknown, that have obtained governmental funds in cooperation with Kness and Volpe, in violation of the "Anti- Governmental Waste, Fraud, Abuse and Whistleblowers Protection Act", and the civil provisions of "The Rico Act and the Illinois Anti-Racketeering Act", trust law, escrow law, and commingling provisions thereto.

    A. And the accountants and attorneys that act and/or acted on behalf of the third party or parties.

      i. Enter judgment against the professional errors and omissions, and/or, the legal malpractice specialty insurance carriers of all.

23. Enter a judgment against Mayor Richard M. Daley as a person in his own right, with all severability, jointly and as an officer of the municipal corporation of the City of Chicago, with equal liability, conditioned by and if and only if Mayor Daley admits, and/or fails to expressly deny his personal knowledge and/or personal participation in the malfeasance/misfeasance actions of his subordinates, Kness and Volpe.

24. To determine and adjudge if the contemptuous pleadings filed by the Respondents rises to the level that would cause this Court to apply the bad faith, contempt quintupling rule of the Illinois Court Rules and Procedure.

    i. At the Court's discretion said rule authorize sanctions be entered against Respondents attorneys.

25. Enter and decree Respondents have entered a constructive plea of "No Contest" and thereby waive all appeal rights.

26. Grant and affirm Plaintiffs Motion to Consolidate, (Ex. Post Facto.)

27. Enter all decrees and adjudgments and determinations with acknowledgement of concurrent reciprocal jurisdictional statues for ratification, after removal, by the US District Court in Chicago, Illinois.

Wherefore Plaintiff affiant not sayeth further.

                    Sworn and certified to be true,

Pro Se Plaintiff Cannie Shaw d/b/a Tex's Trucking
1400 S Western Ave
Chicago, IL 60620
(312) 243-4638